UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ELTON FUNCHES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-00066-JPH-MPB |
| | ) | |
| JOSHUA PATTERSON, | ) | |
| WILLIAM SIMPSON, | ) | |
| EVANSVILLE POLICE DEPARTMENT, | ) | |
| VANDERBURGH COUNTY SHERIFF | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT**

**I.   Screening Standard**

Because Plaintiff Elton Funches is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility

1

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Complaint

The Complaint names four defendants: (1) Joshua Patterson, Deputy for the Vanderburgh County Sheriff's Department; (2) William Simpson, an informant for the Evansville Police Department; (3) the Evansville Police Department; and (4) the Vanderburgh County Sheriff's Department.  Mr. Funches brings claims pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.  He also brings a supplemental state law claim for defamation.

The Court summarizes the allegations made in the Complaint as follows:

On February 13, 2018, Deputy Patterson initiated surveillance in South Kerth Street, on Evansville's south side.  Deputy Patterson followed Mr. Simpson's car leaving the area and initiated a traffic stop.  During the traffic stop, Deputy Patterson found suspected synthetic cannabinoids in the car.  To seem cooperative, Mr. Simpson provided Deputy Patterson with knowingly false information about the source of the suspected drugs.

Based on the information provided by Mr. Simpson, Deputy Patterson obtained a search warrant for a home located at 1728 South Kerth in Evansville, Indiana. Officers then obtained a search warrant for 1030 South Kerth Avenue and used the warrant to enter Mr. Funches' home on 1730 South

Kerth Avenue. Mr. Funches was arrested on several charges relating to firearms and drugs found during the search. Mr. Funches hired an attorney to defend him against the criminal charges.

Deputy Patterson seized Mr. Funches' bank account without following proper procedures and has failed to return the funds without executing forfeiture procedures. Due to the improper seizure, Mr. Funches' attorney withdrew from his case and Mr. Funches lost all of his property held in his storage facility.

Mr. Funches requests the return of the seized funds, monetary damages, a federal investigation of the Evansville Police Department for civil rights violations, and federal review of all arrests and seizures of property and finances by the Evansville Police Department in the south side area of Evansville.

### III.     Discussion of Claims

#### A. Claim that shall proceed

Liberally construed, the allegations in the complaint are sufficient to plausibly assert a Fourth Amendment claim for unlawful seizure against Deputy Patterson. This claim **shall proceed** against Deputy Patterson.

#### B. Claims to be dismissed

All claims under 42 U.S.C. § 1981 must be **dismissed**. Section 1981 protects the right of all persons "to make and enforce contracts" regardless of race. 42 U.S.C. § 1981(a); *see also Smith v. Bray*, 681 F.3d 888, 895 (7th Cir.

2012). There are no allegations that Mr. Funches is seeking to make or enforce a contract.

All claims under 42 U.S.C. § 1985 must be **dismissed**. To state a claim under § 1985, a plaintiff must plead: "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Xiong v. Wagner*, 700 F.3d 282, 297 (7th Cir. 2012). The complaint contains no specific facts about an alleged conspiracy; bare allegations of a conspiracy do not suffice. *See Iqbal,* 129 S. Ct. at 1949; *see also Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

All claims against the Evansville Police Department must be **dismissed**. While Section 1983 liability applies to municipalities and other local government units, *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), state law determines the liability of local government under Section 1983, *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997). Under Indiana law, a municipal police department is neither established as a separate legal entity nor granted the capacity to sue or be sued. *Branson v. Newburgh Police Dep't*, 849 F. Supp. 2d 802, 808 (S.D. Ind. 2011) (citing *Martin v. Fort Wayne Police Dep't*, 2011 WL 781383, at *6 (N.D. Ind. 2011)). "Because a city's police department 'is merely a vehicle through which the city government fulfills its policy functions,' it is not a proper defendant in a civil

rights suit under § 1983." *Mason v. City of Indianapolis*, 2007 WL 2700193, at *8 (S.D. Ind. 2007).

All claims against the Vanderburgh County Sheriff's Department must be **dismissed**. Even assuming Ms. Funches will be able to show that a department employee violated his constitutional rights, that is not enough to state a section 1983 claim against the Sheriff's Department. Instead, Mr. Funches must allege that the Sheriff's Department's own acts violated the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A sheriff's department or other municipality "acts through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy*, 940 F.3d at 1010 (cleaned up). Mr. Funches has not alleged any constitutional injury caused by a written policy, widespread practice or custom, or act of a final decisionmaker. He has therefore failed to state a claim against the Vanderburgh County Sheriff's Department.

Last, the defamation claim against Mr. Simpson must be **dismissed**. "When screening prisoners' complaints . . . courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2)." *Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (cleaned up). Multiple defendants may be joined in the same action only if at least one claim against all defendants "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2)(A)-(B). "[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Mr. Funches' defamation claim against Mr. Simpson, which alleges Mr. Simpson falsely told Deputy Patterson about the source of his drugs, is unrelated to Deputy Patterson seizing Mr. Funches' bank account without following certain procedures. Accordingly, Mr. Simpson was improperly joined in this lawsuit.

### III.   Conclusion

Mr. Funches' Fourth Amendment claim for unlawful seizure against Deputy Patterson **SHALL PROCEED**.

Mr. Funches shall have through **July 1, 2020** to show cause why his state law defamation claim against Mr. Simpson should not be dismissed without prejudice for improper joinder.

Evansville Police Department's motion to dismiss, dkt. [13], is **GRANTED** to the extent that it is consistent with this Order.

The **clerk is directed** to remove Defendants Evansville Police Department, Vanderburgh County Sheriff's Department, and William Simpson from the docket.

**SO ORDERED.**

Date: 6/1/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

ELTON FUNCHES, JR.
993915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Craig R. Emig
JONES WALLACE LLC
cemig@joneswallace.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com