UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ELTON FUNCHES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-cv-00066-JPH-MPB |
| | ) |
| JOSHUA PATTERSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Elton Funches, Jr. alleges that Joshua Patterson, a Vanderburgh County Sheriff Department Deputy, unlawfully seized his money and bank account. Dkt. 19 at 6.  Deputy Patterson has filed a motion for summary judgment. Dkt. [38].  For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  Here, Mr. Funches has not responded to the motion for summary judgment, so the Court accepts Deputy Patterson's supported factual assertions as true for purposes of deciding this motion.  *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).[1]

---

[1] Defendant filed the required notice to pro se parties, *see* S.D. Ind. L.R. 56-1(k), providing Mr. Funches with copies of Federal Rule of Civil Procedure 56 and Local

1

Police arrested Mr. Funches on February 14, 2018, after searching his home and car and finding cash, firearms, and over two pounds of synthetic cannabinoids. Dkt. 38-2 at 3–4. The State also seized Mr. Funches's bank account on the belief that it may contain money earned from drug trafficking. Dkt. 39-4; dkt. 39-5.

After his arrest, Mr. Funches filed a motion to suppress the evidence found during the search of his home, arguing that "the warrant was unsupported by probable cause as required under the Fourth Amendment," making his arrest unlawful. Dkt. 39 at 3. The trial court held a hearing on the motion and denied it. *Id.* Mr. Funches proceeded to a jury trial and was convicted of the gun and drug charges. *Id.* at 4.

He unsuccessfully appealed the denial of the motion to suppress to the Indiana Court of Appeals, which found that "the search warrant was issued in accordance with the constitutional and statutory rights guaranteed to [Mr.] Funches." Dkt. 39-2 at 14. Specifically, the Court of Appeals found that the warrant application was sufficiently supported by the following facts:

In February of 2018, Deputy Patterson was surveilling a "common parking area" in front of homes at 1728, 1730, and 1732 South Kerth Avenue in Evansville, Indiana, when he saw what he believed to be several illegal drug sales. Dkt. 39 at 3; dkt. 39-2 at 8. On one occasion, Deputy Patterson recognized Will Simpson—whom he knew was "involved in illegal narcotics

---

Rule 56-1 and warning him that "a failure to properly respond will be the same as failing to present any evidence in your favor at a trial." Dkt. 40.

2

sales in different parts of Evansville"—and watched him make a short stop at one of the houses on South Kerth.  Dkt. 39-2 at 9.  Deputy Patterson conducted a traffic stop of Mr. Simpson, searched his car, and found  "over one hundred grams of synthetic cannabinoids."  *Id.*

Mr. Simpson said that the source of the drugs was "Boo" Funches who lived at 1728 South Kerth.  *Id.*  Deputy Patterson recognized Mr. Funches's alias, "Boo," and knew that a car registered to Mr. Funches was regularly parked in the parking area outside of the South Kerth houses.  *Id.* at 8–9.  He had also received an independent tip that Mr. Funches "deal[t] in large amounts of synthetic cannabinoids."  *Id.*  Based on this information, Deputy Patterson secured a search warrant for 1728 South Kerth.  *Id.*

The next day, February 14, officers began surveilling 1728 South Kerth and saw someone come and go between Mr. Funches's parked car and the houses at 1730 and 1732 South Kerth.  *Id.* at 10.  The individual "remove[d] a white plastic grocery bag"—the same kind of bag Mr. Simpson's drugs had been in—from the car.  *Id.*  Deputy Patterson then confirmed that 1730 was a rental property currently leased to Mr. Funches.  *Id.*  Based on that information, he obtained another search warrant for the car and 1730 South Kerth.  *Id.* at 3.

After the Court of Appeals affirmed the denial of the motion to suppress and Mr. Funches's conviction, the Indiana Supreme Court denied transfer.  Dkt. 39-3 at 6.  Mr. Funches also contested the seizure of his money and bank account, arguing that Deputy Patterson did not follow proper procedure.  Dkt. 39-6.  But the government's forfeiture claim was granted at a bench trial in

3

August of 2020, dkt. 39-7, and his appeal of that decision was dismissed with prejudice in February of 2021, dkt. 39-8 at 5.

In this case, Mr. Funches brought his claims under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when law enforcement searched his home and car, arrested him, and seized his money and bank account. Because Mr. Funches is a prisoner proceeding *pro se*, the Court screened his complaint under 28 U.S.C. § 1915A(b). The Court dismissed the claims against Will Simpson, the Evansville Police Department, and the Vanderburgh County Sheriff Department. Dkt. 19 at 3–6. The sole remaining claim is a Fourth Amendment claim against Deputy Patterson for unlawful seizure of Mr. Funches's money and bank account. *Id.* Deputy Patterson has moved for summary judgment under Fed. R. Civ. P. 56, arguing that Mr. Funches's claim is barred by res judicata and collateral estoppel. Dkt. 39 at 7–10.[2]

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp.*

---

[2] Deputy Patterson references the defenses of "qualified and discretionary immunity" in the introduction to his summary judgment motion, dkt. 39 at 2, but he has provided no analysis or argument that summary judgment is appropriate on those bases, so they are not considered.

4

*v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

Deputy Patterson argues that he is entitled to summary judgment on Mr. Funches's § 1983 Fourth Amendment claim "regarding seizure of Plaintiff's cash and bank accounts" because the issues raised here "are the same claims made and decided on the merits against [Mr. Funches] in a statutory forfeiture proceeding in the Vanderburgh Circuit Court . . . and subsequent Judgment Order entered following a bench trial on August 28, 2020."  Dkt. 39 at 8.  Thus, he argues, the equitable doctrines of res judicata and collateral estoppel bar Mr. Funches from relitigating that issue here.

The Court "turn[s] to Indiana law to determine the preclusive effect of its own judgments."  *Starzenski v. City of Elkhart*, 87 F.3d 872, 877 (7th Cir. 1996); 28 U.S.C. § 1738.  In Indiana, "res judicata consists of two distinct components: claim preclusion and issue preclusion."  *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1047 (Ind. Ct. App. 2011).  Claim preclusion bars subsequent action on the same claim between the same parties or those in privity with

5

them. *Starzenski,* 87 F.3d at 877. Issue preclusion, or collateral estoppel, on the other hand, "bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit." *Best v. City of Portland,* 554 F.3d 698, 701 (7th Cir. 2009) (applying Indiana law).

Collateral estoppel does not require a showing of privity. *Hendrickson v. Alcoa Fuels, Inc.,* 735 N.E.2d 804, 812 (Ind. Ct. App. 2000). Instead, a subsequent claim raising the same issue may be barred after the court considers "whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would otherwise be unfair under the circumstances to permit the use of collateral estoppel." *Jennings v. State,* 714 N.E.2d 730, 732 (Ind. 1999). To have a preclusive effect, the former suit must have ended in a "final judgment on the merits." *Best,* 554 F.3d at 701 (quoting *Sweeney v. State,* 704 N.E.2d 86, 94 (Ind. 1998)).

Here, Mr. Funches alleges that Deputy Patterson seized his bank account "without following the proper procedures," and despite the fact that Mr. Funches had a "valid, verifiable and legitimate source of the funds seized." Dkt. 2 at 6–7. He argues that the "[f]unds have to this day remained seized without application of due process." *Id.* at 7.

These are essentially the same issues he raised, through counsel, in his response to the State's petition to seize his money and bank account. *See* dkt. 39-6 at 2. In that filing, he contested the factual basis for the seizure, i.e., the warrant and facts underlying his arrest, and argued that the State had not made the required filings to support the seizure. *Id.* The trial court held a

6

bench trial on these issues, which Mr. Funches attended represented by counsel. Dkt. 39-7. Deputy Patterson testified, *see id.* at 2, and after the trial, the court entered an order finding that the State had proven a sufficient "nexus" between the funds seized and the drug trafficking activity underlying Mr. Funches's conviction. *Id.* at 4. The court therefore entered a judgment of forfeiture. *Id.*

Mr. Funches appealed that finding, dkt. 39-8 at 3, and his appeal was dismissed with prejudice in February of 2021, *id.* at 5.

"Thus, the Fourth Amendment issue was fully litigated and decided by the state court," *Starzenski*, 87 F.3d at 877, and given the fulsome nature of Mr. Funches's prior litigation, it is not unfair to allow Deputy Patterson to use those determinations as a defense against the present action. *Jennings*, 714 N.E.2d at 732. While section 1983 claims provide "an opportunity for legal and equitable relief in a federal court for certain types of injuries," *Allen v. McCurry*, 449 U.S. 90, 104 (1980), it is not "an unrestricted opportunity to relitigate an issue already decided in state court." *Id.* Therefore, under the doctrine of issue preclusion, Mr. Funches is estopped from bringing a Fourth Amendment unlawful seizure claim against Deputy Patterson under § 1983.

## IV.
## Conclusion

Therefore, Deputy Patterson's motion for summary judgment is **GRANTED**. Dkt. [38].

Final Judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/29/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ELTON FUNCHES, JR.
993915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Craig R. Emig
JONES WALLACE LLC
cemig@joneswallace.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

8